IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELIZABETH CATALAN NAVA,

    Plaintiff,

v.                                                      Case No. 12-1381-JTM

UNUM LIFE INSURANCE COMPANY,

    Defendant.

## MEMORANDUM AND ORDER

Plaintiff Elizabeth Catalan Nava filed suit in Ford County, Kansas, seeking a declaratory judgment against defendant UNUM Life Insurance, claiming it owed her life insurance benefits from a policy issued on her deceased husband. UNUM removed the suit to federal court pursuant to the Employee Retirement Income Security Act ("ERISA"). UNUM has filed a Motion for Summary Judgment (Dkt. 17), which is presently before the court. Nava did not file a response.

D. Kan. Rule 7.4(b) states:

> "Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

Under D. Kan. Rule 6.1(d), a party opposed to a motion for summary judgment must file its response 21 days of the motion's filing. UNUM filed its motion on April 5, 2013, and Nava has not responded despite the 21-day deadline passing.

The court therefore considers and decides the motion as an uncontested motion. *See* D. Kan. Rule 7.4(b).

In support of its Motion for Summary Judgment, UNUM argues that Nava failed to provide proof of the claim and failed to exhaust her administrative remedies before filing this lawsuit, both of which merit summary judgment in UNUM's favor. The court finds that both arguments have merit.

*A. Nava Failed to Provide Proof of Claim*

Federal common law governs the construction of an ERISA governed policy. *See e.g.*, *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448 (5th Cir. 1995). In construing ERISA plan provisions, courts interpret contract language "in an ordinary and popular sense as would a person of average intelligence and experience," so that the language is given its generally accepted meaning. *Id.* at 1451 n.1.

The insurance policy at issue requires each claim for benefits to include proof the claimant is entitled to those benefits. Specifically, for a claim of death benefits, the policy requires a certified death certificate. The policy also requires the claimant to provide a notice of claim and demonstrate the deceased was insured under the policy. The court finds that Nava failed to provide basic information to support the claim, and thus the claim was properly denied.

Nava submitted a notice of claim seeking death benefits for Pedro Hinojosa, Jr., a name that Nava's husband, Enrique Beltran, allegedly used at work. During its investigation, UNUM received copies of two different death certificates that may have been for the same person and that contained discrepancies. Upon investigation into the

2

claim, a translator hired by UNUM contacted the officer of the Civil Registrar of the State of Guerrero in Mexico to discuss the discrepancies in the two death certificates received by UNUM. According to the investigator's notes, the officer of the Civil Registrar informed the translator that Plaintiff asked him to change the information on Mr. Beltran's death certificate.

Thereafter, UNUM attempted to contact Nava to obtain additional information and received correspondence from her attorney to contact him regarding the claim. UNUM could not continue to process the claim without additional information regarding the discrepancies discovered in the death certificates. Thereafter, UNUM requested additional information by letter to Nava's counsel, as previously directed, on several occasions. Neither Nava nor her counsel ever provided any information requested by UNUM to verify the validity of the claim. UNUM denied the claim pursuant to the statement in the policy that says "UNUM will deny your claim if the appropriate information is not submitted."

It is undisputed that Nava has not provided information requested by UNUM and that the information sought is necessary to process the claim. When reviewing an administrator's decision, the court "looks for substantial evidence in the record to support the administrator's conclusion, meaning more than a scintilla of evidence that a reasonable mind could accept as sufficient to support a conclusion." *Hickman v. LSI Corp.*, No. 11-1039-JAR, 2012 U.S. Dist. LEXIS 90285, *4 (D. Kan. June 28, 2012). Here, Nava failed to provide required information to UNUM to support her claim as required by the terms of the policy, therefore, UNUM is entitled to summary judgment.

3

*B. Nava Failed to Exhaust Her Administrative Remedies*

"Although ERISA contains no explicit exhaustion requirement, . . . exhaustion of administrative . . . remedies is an implicit prerequisite to seeking judicial relief." *Lane v. Sunoco, Inc.*, No. 07-5068, 2008 U.S. App. LEXIS, *3–4 (10th Cir. Jan. 2, 2008) (internal citations omitted). "[I]t makes no difference whether [the plan] itself explicitly requires exhaustion, because ERISA exhaustion is a judicial, not contractual, doctrine." *Id*. at *4. Failing to require administrative exhaustion would impede the internal review process and result in "premature judicial interference." *Id*. A court may only waive administrative exhaustion requirements when appeal would be futile or the remedy offered is inadequate. *Lane*, 2008 U.S. App. LEXIS at *4.

The policy at issue requires administrative exhaustion and states, "[u]nless there are special circumstances, this administrative appeal process must be completed before you begin any legal action regarding your claim." UNUM denied the claim and notified Plaintiff through her counsel in the UNUM letter from September 25. The letter explained that Nava could appeal the decision if she wished and provided the address and process for appeal. The policy requires that all claimants file an internal appeal of denial of death benefits within 90 days after receipt of denial. Nava did not file an administrative appeal. Further, Nava cannot make any showing of futility because she cannot "show that her claim would be denied," and there is no evidence in the administrative record that the remedy would have been inadequate. *See Lane*, 2008 U.S. App. LEXIS at *4-5. Nava's failure to exhaust her administrative remedies precludes this lawsuit and entitles UNUM to summary judgment.

IT IS THEREFORE ORDERED this 3rd day of June, 2013, that UNUM Life Insurance Company's Motion for Summary Judgment (Dkt. 17) is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE